Case: 3:07-cv-00461-jcs Document #: 18 Filed: 10/04/07 Page 1 of 4

Document Number 018
Case Number 07-C-0461-S
United States District Court
Western District of Wisconsin
Theresa M. Owens
Filed/Received
10/04/2007 03:24:00 PM CDT

IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN
_____

ROBERT B. CIARPAGLINI,

                Plaintiff,

  v.                                     MEMORANDUM AND ORDER
                                                07-C-461-S

MARY GORSKE, BELINDA SCHRUBBE
and BRUCE SIEDSCHLAG,

                Defendants.
_____

    Plaintiff Robert B. Ciarpaglini was allowed to proceed on his Eighth Amendment claim against defendants Mary Gorske, Belinda Schrubbe and Bruce Siedschlag. In his complaint he alleged that the defendants placed him in a bigger cell with more light at night aggravating his seizure disorder.

    On September 10, 2007 defendants moved to dismiss plaintiff's complaint for failure to exhaust his administrative remedies. This motion has been fully briefed and is ready for decision.

FACTS

    Plaintiff is currently incarcerated at the Waupun Correctional Institution, Waupun, Wisconsin (WCI). Defendants Mary Gorske, Belinda Schrubbe and Bruce Siedschlag are employed at WCI.

    Plaintiff attempted to file an inmate complaint on his claim that defendants placed him in a bigger cell with more light at night aggravating his seizure disorder. Although the inmate

attempted to file more than two inmate complaints per week contrary to Wis. Admin. Code DOC § 310.09(2).  When plaintiff attempted to file his inmate complaint again it was rejected pursuant to a 1993 Settlement agreement which he entered into with the State of Wisconsin.  That agreement limits the number of inmate complaints he may file at one time.  Plaintiff agreed to have no more than two active inmate complaints at any given time.

MEMORANDUM

Defendants seek to dismiss plaintiff's complaint for failure to exhaust his administrative remedies pursuant to 42 U.S.C. § 1997e(a).  No action shall be brought with respect to prison conditions by a prisoner confined in any jail, prison or other correctional facility until available administrative remedies are exhausted.   Prisoners must file their complaints and appeals in the place and at the time the prison's administrative rules require.  <u>Pozo v. McCaughtry</u>, 286 F. 3d 1022,  1025 (7th Cir. 2002).

In <u>Perez v. Wisconsin Department of Corrections</u>, 182 F.3d 532, 535 (7th Cir. 1999), the Court held as follows:

> ...a suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment.

Plaintiff argues that he is exempt from the exhaustion requirement because administrative remedies are not available to

him. Administrative remedies are available to him. He may have two active inmate complaints at a time. It is plaintiff's responsibility to choose which two inmate complaints he wishes to pursue. Plaintiff voluntarily entered into the Settlement agreement and is bound by it.

Plaintiff argues that the settlement agreement was discharged in bankruptcy. This argument lacks legal merit because plaintiff;'s agreement to have only two active inmate complaints at a time was not a claim that could be discharged in bankruptcy pursuant to 11 U.S.C. §101(5). The obligations to which he agreed in order to receive money from the other party to the agreement cannot be discharged in bankruptcy. Plaintiff is bound by the agreement to honor his obligations for which he received consideration. He may only have two active inmate complaints at one time.

Plaintiff has failed to exhaust administrative remedies that were available to him. Accordingly, plaintiff's complaint will be dismissed for his failure to exhaust his administrative remedies.

Plaintiff is advised that in any future proceedings in this matter he must offer argument not cumulative of that already provided to undermine this Court's conclusion that his complaint must be dismissed. See Newlin v. Helman, 123 F.3d 429, 433 (7th Cir. 1997).

ORDER

IT IS ORDERED that defendants' motion to dismiss is GRANTED.

<u>Ciarpaglini v. Gorske, et al.</u>, 07-C-461-S

  IT IS FURTHER ORDERED that judgment be entered in favor of defendants against plaintiff DISMISSING his complaint without prejudice for his failure to exhaust his administrative remedies.

  Entered this 4th day of October, 2007.

          BY THE COURT:

          /s/

          _____
          JOHN C. SHABAZ
          District Judge